**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSÉ A. ORTIZ-MARÍN<br><br>*Plaintiff*<br><br>vs.<br><br>VENEGAS CONSTRUCTION CORP.<br><br>*Defendants* | Civil No:<br><br>ACTION FOR:<br><br>**ADEA**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, JOSÉ A. ORTIZ-MARÍN, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

**INTRODUCTION**

1. This is a civil action brought for age discrimination pursuant the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. ("ADEA"); the Puerto Rico Employment Discrimination Statute; 29 P.R. Laws Ann. §§146 ("Law 100"); Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, and the Puerto Rico Law Against Unjustified Discharge of an Employee, 29 P.R. Laws Ann. §§ 185(a)("Law 80").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States.  Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367.  The state claims are so related to the federal claims in this action that they form part of the same case or controversy

1

under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

3. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4. JOSÉ A. ORTIZ-MARÍN ("Plaintiff") is a natural person, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico.

5. Upon information and belief, VENEGAS CONSTRUCTION CORP. ("Defendant") is an entity organized under the laws of the Commonwealth of Puerto Rico with legal capacity to sue and be sued.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff began working for the Defendant on July 1, 1974 when he was hired as a Labor.

7. Over the years, Plaintiff received numerous promotions at Venegas Construction. For instance, shortly after being hired the Plaintiff was promoted to the position of Carpenter Auxiliary. In 1976, approximately, the Plaintiff was promoted to Carpenter, a position he held until 1985. In 1985, the Plaintiff was promoted to Foreman, position he held for over 27 years until August 12, 2012, when he was terminated.

8. In total, Plaintiff worked for the Defendant for over 38 years.

9. On August 12, 2012, by letter of same date, Plaintiff was informed that due to lack of work in Venegas Construction Corp. he was being temporarily suspended for 3 months and once completed that term the Defendant would be offering

10. On August 12, 2012, Plaintiff had been working at a worksite at Vieques, Puerto Rico in the construction of a hotel.

11. At the time of Plaintiff's termination he was 56 years of age.

12. The Forman who substituted the Plaintiff is a person younger than the Plaintiff of about 35-40 years of age and with significant less seniority than the Plaintiff.

13. At the Vieques site, the Defendant also retained Foreman Profirio Torres, who is younger than the Plaintiff and who has significant less seniority than the Plaintiff.

14. At the time of Plaintiff's termination, the Defendant also had other Formen working at different site around Puerto Rico, who were younger than the Plaintiff and had significant less seniority than the Plaintiff.

15. At the time of Plaintiff's termination, the only common denominator among all of Defendant's Formen who were kept working at various worksite were that these were younger than the Plaintiff and had significantly less seniority than the Plaintiff.

16. Defendant's *reason* for terminating the Plaintiff was a subterfuge for age discrimination as work at the Vieques site has continued to date, as well as in other Venegas construction sites where there has been the need for Foremen.

17. On December 6, 2012, Plaintiff filed with the EEOC an age discrimination charge against the Defendant. After exhausting administrative remedies, on July 5, 2013, Plaintiff received his right to sue letter.

18. Furthermore, Defendant's August 12, 2012 letter to Plaintiff alleging a "temporarily suspension" was merely subterfuge for age discrimination as the Defendant never

reemployment by seniority order and according to the projects that the Defendants would have at such time.

had any intention to reemployed the Plaintiff and indeed never called back the Plaintiff until it was notified of the age discrimination charge filed by the Plaintiff at the EEOC.

19. Defendant's notification to reemploy the Plaintiff was dated May 10, 2013, nearly 9 months after the Plaintiff had been terminated and more than 5 months after the Plaintiff had filed an age discrimination charge with the EEOC on December 6, 2012.

20. Furthermore, the Defendant who is charge of its employees and as its employer was at complete liberty to transfer the Plaintiff to any of its other site projects.

21. Among the other working sites that Venegas has been operating since August 12, 2012 - besides the construction of a hotel in Vieques - are the following: 1) Isabela, (school construction); 2) Fajardo (hotel demolition); 3) Ponce (library construction); 4) Cidra (Coca-Cola facilities); 5) Juana Díaz (Coopervision); and Ponce (Distilería Serrallés).

22. Upon information and belief, Defendant had other working site since August 12, 2012, wherein supervisors much younger than the claimant and with substantially less seniority than him have been retained and/or hired.

23. At the EEOC the Defendant contended that the Plaintiff was not terminated but was "*removed*" from the Vieques site due to Plaintiff's alleged "inappropriate behavior."

24. This new allegation represents a second reason for termination and is also *inconsistent* with Defendant's original reason for termination given to Plaintiff pursuant to the August 13, 2012 letter, to wit, lack of work.

25. Plaintiff's highest salary within the last 3 years of his termination was $48,192.00 in 2011.

26. Pursuant to the Puerto Rico Law Against Unjustified Discharge of an Employee, an employee is deemed terminated if he/she is suspended for a term that exceeds 3 months. 29 P.R. Laws Ann. § 185(e).

27. As a result of Defendants' aforementioned age discrimination conduct, Plaintiff has suffered and continues to suffer great emotional and financial damages. Since his dismissal, Plaintiff has been depressed, anguished, and has suffered despair, sadness and hopelessness.

### FIRST CAUSE OF ACTION:
*Age Discrimination (ADEA)*

28. The allegations contained in paragraphs 1 through 19 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

29. Defendant's *reason* for terminating the Plaintiff ("lack of work") was a subterfuge for age discrimination as work at the Vieques site has continued to date, as well as in other Venegas construction sites where there has been the need for Foremen.

30. At the time of Plaintiff's termination, the only common denominator among all of Defendant's Formen who were kept working at various worksite were that these were younger than the Plaintiff and had significantly less seniority than the Plaintiff.

31. Defendant's reasoning at the EEOC that it had terminated the Plaintiff due to Plaintiff's alleged "inappropriate behavior" is inconsistent with its reason given to Plaintiff in the termination letter and constitutes a pretext for age discrimination.

32. Defendant's termination of Plaintiff was based on his age. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally

protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Age Discrimination in Employment Act.

33. Federal jurisprudence regarding inconsistencies in the reasons for termination is a red flag for pretext. For instance on the issue of pretext, the First Circuit Court has concluded that there is no mechanical formula for determining pretext. <u>McDonough v. City of Quincy</u>, 452 F.3d 8, 18 (1st Cir. 2001) (holding that "[o]ne way [to show pretext] is for the plaintiff to show that the employer gave '*different and arguably inconsistent explanations*' for taking the adverse employment action)

34. As a direct and proximate cause of Defendant's aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION:
*Puerto Rico Law 100*

35. The allegations contained in paragraphs 1 through 19 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

36. Defendant's aforementioned age discrimination conduct constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100.

37. As a direct and proximate cause of Defendants' aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION:
*Article 1802 of the Puerto Rico Civil Code*

38. The allegations contained in paragraphs 1 through 34 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

39. In terminating the Plaintiff, the Defendant incurred in intentional and or negligent conduct actionable under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141.

40. Defendant's aforementioned conduct constitutes an unlawful employment conduct sanctionable under Articles 1802 of the Puerto Rico Civil Code.

41. As a direct and proximate cause of Defendant's aforementioned conduct, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated at one million dollars ($1,000,000.00) under this cause of action.

### FOURTH CAUSE OF ACTION:
*Puerto Rico Law 80*

42. The allegations contained in paragraphs 1 through 34 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

43. Puerto Rico Law 80 of May 30, 1976 establishes an indemnity payment to employees who are discharged from their employment without just cause.

44. Defendant Venegas Construction's adverse employment action against the Plaintiff constitutes a discharge without just cause.

45. As a direct and proximate cause of Defendant Venegas Construction's aforementioned conduct, Plaintiff is entitled, in addition to the salaries he would have earned, to an indemnification equal to 6 months plus 3 weeks for each of his 38 years of service pursuant to Puerto Rico Law 80, plus attorney's fees.

46. Plaintiff indemnification pursuant to Law 80 is estimated at $129,747.69 plus $32,436.92 in attorney's fee.

## JURY TRIAL

47. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant VENEGAS CONSTRUCTION CORP. the payment of a) compensation of three million dollars ($3,000,000.00) for the first 3 causes of action; b) liquidated damages under ADEA;  c) the salary wages including all fringe benefits Plaintiff would have earned in addition to an indemnification for the forth cause of action totaling $162,184.61; d) double compensatory damages pursuant to Law 100; e) all loss wages, including front and back pay; f) reinstatement; g) all with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 12th day of August, 2013.

*S/ALFREDO ACEVEDO CRUZ*

**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX  93**
**JUANA DIAZ, PR  00795**

Tel.: (787) 837-0031
Fax:  (787) 837-0032
e-mail: lcdoacevedo@yahoo.com